# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 7, 2005

## STATE OF TENNESSEE v. DARRELL TOOMES

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 7481    Joseph H. Walker, Judge**

---

**No. W2004-02335-CCA-R3-CD  - Filed September 14, 2005**

---

Following a jury trial, Defendant, Darrell Toomes, was convicted of delivery of less than 0.5 grams of cocaine. He was sentenced to seven years in the Department of Correction as a Range II, multiple offender. The trial court denied Defendant's motion for new trial. On appeal, Defendant argues that the evidence presented at trial was insufficient to establish his guilt beyond a reasonable doubt. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

Gary F. Antrican, District Public Defender; and Julie K. Pillow, Assistant Public Defender, Somerville, Tennessee, for the appellant, Darrell Toomes

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Tracey A. Brewer, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

The proof at trial established that, on the date of the offense, Greg Blurton, who was working as an undercover agent, drove to a group of men on Doc Bates Road in Lauderdale County and told them he "wanted a twenty." Defendant approached and instructed Mr. Blurton to drive down the street, turn around, and come back. When Mr. Blurton returned, Defendant gave him twenty-dollars worth of rock cocaine, and he gave Defendant a twenty-dollar bill. Mr. Blurton identified Defendant at trial as the person who sold him the cocaine. The exchange was videotaped from Mr. Blurton's vehicle. Investigator John Thompson reviewed the videotape several times and identified Defendant as the individual on the videotape who sold Mr. Blurton the cocaine. Investigator Thompson had known Defendant for several years. Tara Barker, a forensic scientist with the Tennessee Bureau of Investigation, analyzed the substance sold to Mr. Blurton and determined that it was 0.1 gram of

cocaine. Defendant has an identical twin brother, Terrell Toomes, but Terrell Toomes was incarcerated on the date of the offense.

On appeal, Defendant argues that the proof at trial failed to establish his guilt beyond a reasonable doubt. In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. *State v. Bigbee*, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. *Id.* This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. *State v. Brewer*, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); <u>*Jackson v. Virginia*</u>, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994).

Viewing the evidence in light most favorable to the State, we find that a rational trier of fact could have found beyond a reasonable doubt that Defendant delivered less than 0.5 grams of cocaine, a Schedule II substance, to an undercover agent. *See* Tenn. Code Ann. § 39-17-417. Defendant is not entitled to relief in this appeal.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE